**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

EXCEL SERVICES CORP.           \*

                                       \*

      Plaintiff,               \*

                                       \*

        v.                   \*     Civil Action No. AW-09-3128

                                       \*

ROBERT S. WALKER,            \*

                                       \*

      Defendant.            \*

                                       \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM OPINION**</u>

Plaintiff EXCEL Services Corporation ("EXCEL") brought this action against Defendant Robert S. Walker in the Circuit Court for Montgomery County on October 2, 2009, asserting claims of defamation and tortious interference with contractual relations. Defendant removed the case to this Court on November 23, 2009, pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as EXCEL is a Delaware corporation with its principal place of business in Maryland, Walker is a Connecticut resident, and the amount in controversy allegedly exceeds $75,000. Currently pending before the Court are Defendant's Motion to Dismiss (Doc. No. 13) and Plaintiff's Motion to Transfer Case (Doc. No. 17). The Court has reviewed the entire record with respect to the instant motions. The issues have been briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will GRANT Plaintiff's Motion to Transfer and DENY Defendant's Motion to Dismiss.

Defendant moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(2) arguing that this Court lacks personal jurisdiction over Defendant under Maryland's long arm statute, Md. Cts. & Jud. Proc. Code Ann. § 6-103(b)(4), because Defendant is a resident of

Connecticut, has not received revenue "from goods, food, services or manufactured product within the State of Maryland since 2003," and did nothing to give this Court personal jurisdiction over him under Maryland's long arm statute. (Doc. No. 13.) Plaintiff responds with a cross motion to transfer the case to the U.S. District Court for the District of Connecticut under 28 U.S.C. § 1404(a), arguing that the District of Connecticut has personal jurisdiction over Defendant Walker and venue is proper there since Walker currently resides in that district and has been a resident since 1998. (Walker Aff. ¶ 1-2.) Plaintiff also contends that in any case, this Court has personal jurisdiction over the Defendant because he caused tortious injury in Maryland, EXCEL's principal place of business. The Court has serious doubts as to whether Defendant has sufficient connections to Maryland to satisfy the requirements of the state's long arm statute. But, the Court declines to assess whether it has personal jurisdiction over Defendant in this case, as it does not believe that determination of personal jurisdiction is necessary to resolve Plaintiff's motion to transfer.

The Court agrees with Plaintiff that venue is clearly proper in this Court. Because Defendant removed this case to this Court from the Circuit Court for Montgomery County pursuant to 28 U.S.C. § 1441, this Court has venue under 28 U.S.C. § 1441(a) as "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Three M Enters. v. Tex. D.A.R. Enters.*, 368 F. Supp. 2d 450, 455-456 (D. Md. 2005) (holding "courts have recognized that Section 1441(a) establishes federal venue in the district where the state action was pending 'as a matter of law,' even if venue would be 'improper under state law when the action was originally filed'") (citations omitted). It is well established that the general venue statute, 28 U.S.C. § 1391(a), which Defendant relies on for his assertion that this Court is not the proper venue for this case, is inapplicable in cases of removal.

*See Three M Enters. v. Tex. D.A.R. Enters.*, 368 F. Supp. 2d 450, 455 (D. Md. 2005) ("Ordinarily, the propriety of venue is governed by 28 U.S.C. § 1391. However, in *Lynch*, Judge Nickerson of this Court recognized that 28 U.S.C. § 1391 'has no application to a removed action.' Rather, the proper venue for removed actions, such as the matter at bar, is governed by the federal removal statute, 28 U.S.C. § 1441(a).") (citing *Lynch v. Vanderhoef Builders*, 228 F. Supp. 2d 644 (D. Md. 2002)). This Court embraces the Circuit Court for Montgomery County, Maryland, and thus venue is proper here.

Because venue is proper in this Court and this Court has subject matter jurisdiction over the case as described above, this Court has the power to transfer the case consistent with the requirements of 28 U.S.C. § 1404(a). Though neither the Supreme Court nor the Fourth Circuit have explicitly stated a court may transfer a case under 28 U.S.C. § 1404(a) when venue is proper, but the court lacks personal jurisdiction over a defendant, other courts in this District have found personal jurisdiction unnecessary under this statute, and the Fourth Circuit has not held otherwise. One court in this District explained, "[w]here personal jurisdiction is lacking but venue is present, the original forum court has the authority to transfer pursuant to and in accordance with 28 U.S.C. § 1404(a), provided, of course, that subject matter jurisdiction exists in the original forum court." *Ulman v. Boulevard Enterprises, Inc.*, 638 F. Supp. 813, 815 (D. Md. 1986); *see also Harry & Jeanette Weinberg Found. v. ANB Inv. Mgmt. & Trust Co.*, 966 F. Supp. 389, 392 (D. Md. 1997) (transferring case pursuant to 28 U.S.C. § 1404(a) despite finding the court may lack personal jurisdiction). Additionally, the majority of the circuits that have confronted this issue have found personal jurisdiction unnecessary for transfer of venue pursuant to 28 U.S.C. § 1404(a). *See Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 & n.9 (2d Cir. 1978) (transferor court's personal jurisdiction over party not necessary for transfer of venue

under 28 U.S.C. § 1404(a) or 1406(a)); *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985) (same); *Cote v. Wadel*, 796 F.2d 981, 984-985 (7th Cir. 1986) (same); *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 967 (9th Cir. 1993) (same); *Roofing & Sheet Metal Serv. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 n.16 (11th Cir. 1982) (same). *But see Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (only 28 U.S.C. § 1406(a) transfer proper when personal jurisdiction is lacking); *Mayo Clinic v. Kaiser*, 383 F.2d 653, 654 (8th Cir. 1967) (same).

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where the action might have been brought, for the convenience of the parties and witnesses and in the interest of justice. In deciding whether to transfer a civil action to another district court, the Court considers several factors, including: 1) the weight accorded to the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties; and 4) the interest of justice. *Dicken v. United States*, 862 F.Supp. 91, 92 (D. Md. 1994). This case clearly could have been brought in the United States District Court for the District of Connecticut from the outset. Defendant Walker is a citizen of Connecticut and is thus subject to personal jurisdiction there. Additionally, that court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship, as described above. Next, pursuant to 28 U.S.C. § 1391(a)(1), venue is proper in the District of Connecticut as Defendant Walker resides there. Additionally, there is no indication that it would be inconvenient for Walker to litigate in the District of Connecticut. Rather, the record reflects that litigation of this dispute in Connecticut would be more convenient for Walker as he resides in that state, and that Plaintiff will suffer an increased burden in litigating the suit outside of Maryland, its principal place of business. Finally, transfer of the case is in the interest of justice because it will "further the general public

interest in the sound and efficient administration of justice [and] effectuate the specific purposes of the Civil Justice Reform Act of 1990 to reduce the cost and delay of litigation," as it will prevent requiring Plaintiff to re-file the case in Connecticut. *Harry & Jeanette Weinberg Found.*, 966 F. Supp. 392. The Court agrees with Plaintiff that transfer of the case "facilitates adjudication of a dispute on its merits" and that transfer of the case is thus superior to dismissing the case on the ground of lack of personal jurisdiction. *Minn. Pub. Radio v. Va. Beach Educ. Broad. Found., Inc.*, 519 F. Supp. 2d 970, 981 (D. Minn. 2007).

Accordingly, the Court will transfer this case to the District of Connecticut, pursuant to 28 U.S.C. § 1404(a), and deny Defendant's Motion to Dismiss. A separate Order will follow.


   April 29, 2010                                                 /s/            
            Date                                                    Alexander Williams, Jr.
                                                         United States District Judge